UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| JAMES J. SHARP,<br><br>    Plaintiff,<br><br>v.<br><br>X CORPORATION,<br><br>    Defendant. | Case No. 2:25-cv-02252-CDS-NJK<br><br>**ORDER AND REPORT AND RECOMMENDATION**<br><br>[Docket No. 1] |

Plaintiff is proceeding in this action *pro se* and has requested authority pursuant to 28 U.S.C. § 1915 to proceed *in forma pauperis*.[1]

**I.    *In Forma Pauperis* Application**

Plaintiff filed an affidavit required by § 1915(a). Docket No. 1. Plaintiff has shown an inability to prepay fees and costs or give security for them. Accordingly, the request to proceed *in forma pauperis* will be granted pursuant to 28 U.S.C. § 1915(a). The Clerk's Office is further **INSTRUCTED** to file the complaint (Docket No. 1-1) on the docket.

**II.    Screening the Complaint**

Upon granting an application to proceed *in forma pauperis*, courts additionally screen the complaint pursuant to § 1915(e). Federal courts are given the authority to dismiss a case if the action is legally "frivolous or malicious," fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2). When a court dismisses a complaint under § 1915, the plaintiff should be given leave to amend the complaint with directions as to curing its deficiencies, unless it is clear from the face of the complaint that the deficiencies could not be cured by amendment. *See Cato v. United States*, 70 F.3d 1103, 1106 (9th Cir. 1995).

---

[1] The Court liberally construes the filings of *pro se* litigants. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007).

Rule 12(b)(6) of the Federal Rules of Civil Procedure provides for dismissal of a complaint for failure to state a claim upon which relief can be granted. Review under Rule 12(b)(6) is essentially a ruling on a question of law. *See Chappel v. Lab. Corp. of Am.*, 232 F.3d 719, 723 (9th Cir. 2000). A properly pled complaint must provide a short and plain statement of the claim showing that the pleader is entitled to relief. Fed. R. Civ. P. 8(a)(2); *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). Although Rule 8 does not require detailed factual allegations, it demands "more than labels and conclusions" or a "formulaic recitation of the elements of a cause of action." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (*citing Papasan v. Allain*, 478 U.S. 265, 286 (1986)). The court must accept as true all well-pled factual allegations contained in the complaint, but the same requirement does not apply to legal conclusions. *Iqbal*, 556 U.S. at 679. Mere recitals of the elements of a cause of action, supported only by conclusory allegations, do not suffice. *Id.* at 678. Secondly, where the claims in the complaint have not crossed the line from conceivable to plausible, the complaint should be dismissed. *Twombly*, 550 U.S. at 570. Allegations of a *pro se* complaint are held to less stringent standards than formal pleadings drafted by lawyers. *Hebbe v. Pliler*, 627 F.3d 338, 342 & n.7 (9th Cir. 2010) (finding that liberal construction of *pro se* pleadings is required after *Twombly* and *Iqbal*).

District courts have the authority to dismiss cases *sua sponte* without notice when the plaintiff "cannot possibly win relief." *Sparling v. Hoffman Constr. Co.*, 864 F.2d 635, 638 (9th Cir. 1988). A complaint should be dismissed for failure to state a claim upon which relief may be granted "if it appears beyond a doubt that the plaintiff can prove no set of facts in support of his claims that would entitle him to relief." *Buckey v. Los Angeles*, 968 F.2d 791, 794 (9th Cir. 1992). A complaint may be dismissed as frivolous if it is premised on a nonexistent legal interest or delusional factual scenario. *Neitzke v. Williams*, 490 U.S. 319, 327-28 (1989). Moreover, "a finding of factual frivolousness is appropriate when the facts alleged rise to the level of the irrational or the wholly incredible, whether or not there are judicially noticeable facts available to contradict them." *Denton v. Hernandez*, 504 U.S. 25, 33 (1992). When a court dismisses a complaint, the plaintiff should be given leave to amend with directions as to curing its deficiencies, unless it is clear from the face of the complaint that the deficiencies could not be cured by

amendment. *See Cato v. United States*, 70 F.3d 1103, 1106 (9th Cir. 1995). "When a case may be classified as frivolous or malicious, there is, by definition, no merit to the underlying action and so no reason to grant leave to amend." *Lopez v. Smith*, 203 F.3d 1122, 1127 n.8 (9th Cir. 2000) (*en banc*).

Construing the complaint liberally, Plaintiff alleges that 1) he posted on the X social media platform about President Donald Trump's policies; 2) the Department of Government Efficiency (DOGE) began an investigation into Plaintiff; 3) Plaintiff was harmed by DOGE's invasive techniques, which included drugging and harming Plaintiff; 4) Plaintiff went to California to learn to program; 5) Plaintiff continued to be drugged and harassed by DOGE, resulting in financial, professional, emotional, and psychological harm to Plaintiff; 6) X Corporation failed to warn Plaintiff that exercising his free speech would result in professional and financial harm; and 7) Plaintiff was hospitalized in Las Vegas, Nevada on November 12, 2025. *See* Docket No. 1-1 at 4-5. Further, Plaintiff submits that he has been unable to practice as a professional investment advisor in nearly all states and that securities regulators will not issue him an IAR license because of the damage done to his professional reputation. *See id.* Plaintiff seeks $10 million in damages. *See id.* at 5. The complaint is frivolous and delusional and does not state a claim upon which relief can be granted.[2]

## III. Conclusion

Accordingly, **IT IS ORDERED** that Plaintiff's request to proceed *in forma pauperis* (Docket No. 1) is **GRANTED**. Plaintiff is not required to pay the filing fee. Plaintiff is permitted to maintain this action to conclusion without the necessity of prepayment of any additional fees or

---

[2] Plaintiff attempts to bring a claim against X Corporation and Elon Musk under Section 230 of the Communications Decency Act. *See* Docket No. 1-1 at 3 (citing 47 U.S.C. § 230 as the basis for federal question jurisdiction). Section 230 of the Communications Decency Act provides interactive computer services broad immunity from liability for content posted to their platforms by third parties. *See Fleites v. MindGeek S.A.R.L.*, No. 2:21-CV-04920-WLH-ADS, 2025 WL 2902301, at *5 (C.D. Cal. Sept. 26, 2025) (citing *Carafano v. Metrosplash.com, Inc.*, 339 F.3d 1119, 1123 (9th Cir. 2003)). However, there is no private right of action under the statute. *See King v. Facebook, Inc.*, 572 F. Supp. 3d 776, 782-84 (N.D. Cal. 2021); *see also Belknap v. Alphabet, Inc.*, 504 F. Supp. 3d 1156, 1161 (D. Or. 2020) (quoting *Cain v. Christine Valmy Int'l Sch. of Esthetics, Skin Care, & Makeup*, 216 F. Supp. 3d 328, 334-35 (S.D.N.Y. 2016)) ("Case law is unanimous that a private right of action is not available under the Communications Decency Act").

costs or the giving of a security therefor. This order granting leave to proceed *in forma pauperis* shall not extend to the issuance and/or service of subpoenas at government expense.

In light of the frivolous and delusional nature of Plaintiff's claims, the undersigned **RECOMMENDS** that Plaintiff's complaint be **DISMISSED** with prejudice.

IT IS SO ORDERED.

Dated: December 3, 2025

_____
Nancy J. Koppe
United States Magistrate Judge

## NOTICE

This report and recommendation is submitted to the United States District Judge assigned to this case pursuant to 28 U.S.C. § 636(b)(1). A party who objects to this report and recommendation must file a written objection supported by points and authorities within fourteen days of being served with this report and recommendation. Local Rule IB 3-2(a). Failure to file a timely objection may waive the right to appeal the district court's order. *Martinez v. Ylst*, 951 F.2d 1153, 1157 (9th Cir. 1991).